# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 22-260 |
| v. | Chief Judge Beryl A. Howell |
| SHUGUANG CHEN, | |
| Defendant. | |

## MEMORANDUM AND ORDER

Defendant Shuguang Chen is charged in D.C. Superior Court with simple assault in violation of D.C. Code § 22-404. Notice of Removal ("Notice") at 1, 18–20, ECF No. 1. This matter is therefore before the Court in the highly unusual posture of an attempt to remove a *criminal* case to federal court. Such removal is statutorily authorized in certain narrowly circumscribed situations, but defendant's criminal case does not meet the criteria for removal set forth by statute and binding Supreme Court precedent. Accordingly, his case must be remanded. *See* 28 U.S.C. § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

## I.      DISCUSSION

Defendant reports that he is charged in Superior Court with a simple assault offense, in violation of D.C. Code § 22-404, following his arrest on June 25, 2022, on the public sidewalk outside the Chinese Embassy ("Embassy") in Washington, D.C. Notice at 1, 18–20. After being arraigned on June 27, 2022, defendant filed his Notice of Removal of his criminal case on July 26, 2022, so the Notice is timely filed. 28 U.S.C. § 1445(b)(1).

1

While a filing for removal of a criminal case to federal court is unusual, such removal is permissible in certain narrowly circumscribed situations enumerated in 28 U.S.C. §§ 1442, 1442a, and 1443.  If one of those sections provides grounds for removal, the requirements for filing a notice of removal, and the Court's obligations in response to such filing, are set forth in 28 U.S.C. § 1455.  Here, defendant invokes 28 U.S.C. § 1443(1) as grounds for removal, which section allows removal of a criminal case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  Defendant's case must be remanded for three independent reasons.

*First*, as a threshold matter, when filing his Notice, the pro se defendant failed to furnish "a copy of all process, pleadings, and orders served upon such defendant" in the Superior Court action.  28 U.S.C. § 1455(a).  The statute offers no provision by which a district can waive the requirement, in contrast with two other strictures within the same section from which a district court may grant relief "for good cause shown."  *See id.* § 1455(b)(1) (30-day window); *id.* § 1455(b)(2) (failure to state grounds for removal).  Even if this procedural failure could be excused, however, remand would still be required for substantive reasons.

*Second*, the scenario presented by defendant's Notice in some detail does not fall within the ambit of 28 U.S.C. § 1443.  Defendant, in brief, asserts that the U.S. Secret Service and the U.S. Attorney's Office, *inter alia*, have a regular practice of colluding to contrive improper arrests of peaceful protesters around the Embassy, prosecute arrestees in Superior Court, and then "tak[e] advantage of the loophole in Rule 48 of the Rules of Criminal Procedure of DC Superior Court to enter nolle prosequi immediately before trial."  *See* Notice at 33–34.  This practice, defendant argues, deprives defendants of the opportunity to be vindicated through

acquittal.  *Id.* at 34–35.  This result, defendant fears, "will possibly jeopardize [his] chance to seek relief for malicious prosecution under 42 U.S.C. § 1983" because nolle prosequi could be viewed as other than a favorable, definitive termination of the prosecution, *see id.* at 40, in the end preventing defendant from exercising First, Fourth, and Fifth Amendment rights, *see id.* at 42–43.

The central problem with defendant's creative theory is that the Supreme Court has limited removal under § 1443(1) to situations where "the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights *stated in terms of racial equality.*"  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (emphasis added) (quotation marks and citation omitted).  It does not reach claims that a prosecution "will violate rights under constitutional or statutory provisions of general applicability," nor alleged due process violations where "the prosecution is assertedly a sham, corrupt, or without evidentiary basis."  *Id.*  While defendant posits that the sequence of past and expected future events will collectively impinge several constitutional rights, nothing about the rights asserted nor the particulars of his treatment is *racial* in nature.  *See, e.g.*, *City of Greenwood v. Peacock*, 384 U.S. 808, 825 ("First Amendment rights . . . are not rights arising under a law providing for 'equal civil rights' within the meaning of § 1443(1).").  In short, defendant's removal of his local criminal case to federal court to somehow ensure vindication of his free speech and association rights are not rights that qualify for this removal.

*Third*, defendant's fear that pretrial dismissal could doom his contemplated malicious prosecution claim should now be squarely extinguished by the Supreme Court's recent decision in *Thompson v. Clark*, 142 S. Ct. 1332, 1335 (2022), where the Court unambiguously held that "[t]o demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth

3

Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson*, in short, resolved—in defendant's favor— the very "split in the circuits" defendant identified on this question. *See* Notice at 40–42; *Thompson*, 142 S. Ct. at 1336 ("The Courts of Appeals have split over how to apply the favorable termination requirement of the Fourth Amendment claim under § 1983 for malicious prosecution. . . . This Court granted certiorari to resolve the split."). Put simply, to the extent defendant perceived a legal necessity for removal of his local criminal case to federal court in order to protect, somehow, his ability to seek relief for malicious prosecution by avoiding a government dismissal of the criminal charge, he is incorrect. In any event, the same U.S. Attorney's Office controlling the decision whether to persist in a criminal prosecution in D.C. Superior Court would control the decision in this Federal court. *See United States v. Fokker Servs. B.V.*, 818 F.3d 733, 737–38 (D.C. Cir. 2016) (holding that district court's denial of a deferred prosecution agreement sought by the government violated the separation of powers by intruding on the Executive Branch's prosecutorial discretion).

## II.    ORDER

For the foregoing reasons, it is hereby

**ORDERED** that this criminal case is **REMANDED** to the Superior Court for the District of Columbia.

**SO ORDERED.**

Date: July 29, 2022

_____
BERYL A. HOWELL
Chief Judge